**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

CHAD KENYATTA LEIGH,

*Plaintiff*,

v.

LABOR FINDERS, and JAMES D. MOORE

*Defendants*.

Case No. 25-1238-AJP-BGS

**MEMORANDUM AND ORDER**

Plaintiff Chad Kenyatta Leigh, proceeding pro se, brings a claim for employment discrimination under Title VII of the Civil Rights Act of 1964 against Defendants Labor Finders and James D. Moore. Before the Court are two Motions to Dismiss filed by both Defendants (Docs. 8, 14) and a Motion for Order filed by the Plaintiff (Doc. 22). For the reasons stated below, the Court denies Defendants' first Motion to Dismiss as moot, grants Defendants' second Motion to Dismiss, and denies Plaintiff's Motion for Order.

## I. Factual and Procedural Background

Plaintiff began working for Defendant Labor Finders on June 27, 2024, and last performed work for Labor Finders on July 15, 2024. He alleges that he was intimidated on the job site because of "11 flights of stairs, broken elevator, no down shoot, and dumpster is located in alley back of building." (Doc. 1 at 4). Plaintiff

alleges that he suffered employment discrimination on the basis of race or color in violation of Title VII and because he filed a complaint against the company.

In addition, Plaintiff alleges that on January 29, 2025, Defendant James Moore contributed to the denial of Plaintiff's unemployment benefits claim by slandering Plaintiff while on a phone interview with a Kansas Unemployment Department employee by saying that Plaintiff does not want to work. Plaintiff states that he filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission ("EEOC") on May 22, 2025. Plaintiff, however, also alleges that he did not include the same reasons for discrimination in his charge of discrimination with the EEOC as he does in the case before this Court. Furthermore, he states that he did not receive a Notice of Right-to-Sue letter.

On October 28, 2025, Plaintiff filed this lawsuit and claimed damages of $2,226 for slander and missed opportunities, and he claimed damages of $5,000 for Defendants' alleged contribution to his post-traumatic stress disorder and depression. On November 13, 2025, Defendant James Moore appeared pro se on behalf of himself and Labor Finders, and he filed a Motion to Dismiss on behalf of both Defendants (Doc. 8). The Court instructed Defendants that business entities cannot appear in federal court pro se and must be represented by an attorney licensed to appear before this Court. Counsel subsequently entered an appearance on behalf of both Defendants and filed a second Motion to Dismiss (Doc. 14).

Defendants seek dismissal of Plaintiff's suit alleging that Plaintiff failed to timely file a claim, failed to exhaust his administrative remedies, and failed to state

a claim for which relief may be granted. In the alternative, Defendants state that there is no genuine issue of material fact, and Defendants are entitled to judgment as a matter of law.

On March 18, 2026, Plaintiff filed a "Motion to Grant Judgment in Favor of Plaintiff." In this motion, Plaintiff requests that the Court grant judgment in favor of Plaintiff in the amount of $100,000 because Defendants "have presented no good reason as to why the Judge shouldn't." (Doc. 22 at 1.)[1]

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted. Upon such motion, the court must determine whether a complaint contains sufficient factual allegations to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but it need not afford such a presumption to legal conclusions. *Id.* at 678–79. Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities. *See id.* at 678.

---

[1] This case was re-assigned to the undersigned in July 2026.

A pro se litigant's pleadings are broadly construed and "held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). The Court, however, cannot assume the role of advocate for the pro se litigant. *Id.* "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.* (citations omitted).

## III. Analysis

Defendants raise several reasons for dismissal, including failure to timely file a claim, failure to exhaust his administrative remedies, and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).[2] The Court will only address whether Plaintiff fails to state a claim.[3]

### A. Plaintiff fails to state a claim upon which relief may be granted against Jim Moore.

Claims against individual supervisors are not cognizable under Title VII. *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996). To the extent Plaintiff attempts to assert that Moore's allegedly slanderous statements are racial discrimination, he fails to state a claim as he does not include any allegations that

[2] The Court only addresses Defendants' second Motion to Dismiss because the first Motion to Dismiss was improper as Defendant Labor Finders, as a corporation, could not appear in federal court pro se. The second motion was filed by counsel on behalf of both Defendant Moore and Defendant Labor Finders.

[3] Exhaustion of administrative remedies with the EEOC is not a jurisdictional prerequisite to suit but is instead an affirmative defense that may be raised by a defendant. *See Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018). Rather than address Defendants' affirmative defense, the Court considers whether Plaintiff fails to state a claim.

these statements are related to his race. Indeed, Plaintiff fails to include any allegations in his Complaint about his race. Furthermore, because Defendant Moore is an individual supervisor, even if the comments could be construed as a racial discrimination claim, he cannot be liable under Title VII. Therefore, the Title VII claim against Defendant Moore must be dismissed with prejudice.

To the extent that Plaintiff attempts to raise a claim of defamation—separate from his Title VII claim—against Defendant Moore, Plaintiff fails to allege any specific facts. Under Kansas law, "[t]he elements of defamation include false and defamatory words, communicated to a third person, which result in harm to the reputation of the person defamed." *Marcus v. Swanson*, 317 Kan. 752, 539 P.3d 605, 609 (2023) (quoting *Hall v. Kan. Farm Bureau*, 274 Kan. 263, 50 P.3d 495, 504 (2002)). A defamatory statement that occurs during judicial or quasi-judicial administrative proceedings, including administrative boards, is absolutely privileged and cannot form the basis of a defamation claim. *Clean Water Truck Co. v. M. Bruenger & Co.*, 214 Kan. 139, 519 P.2d 682, 685–86 (1974). Plaintiff alleges that Defendant Moore told a Kansas Unemployment Department employee that Plaintiff did "not want to work" during a phone interview. (Doc. 1). As Defendants argue, that statement is at most a subjective opinion, which was allegedly made to an administrative agency employee calling regarding Plaintiff's unemployment benefits. Therefore, to the extent Plaintiff attempts to allege a slander/defamation claim, Plaintiff fails to allege facts to support such a claim. Therefore, dismissal is warranted.

**B. Plaintiff fails to state a claim upon which relief may be granted against Labor Finders under Title VII.**

While a pro se litigant's pleadings are to be broadly construed, pleadings made up of conclusory allegations without sufficient factual averments fail to state a claim upon which relief may be granted. *Hall*, 935 F.2d at 1110. Plaintiff's Complaint, even construed broadly, is deficient in its allegations, and fails to sufficiently allege facts to state a claim.

As noted above, Plaintiff claims discrimination on the basis of race or color, but he fails to include any allegations in his Complaint as to his race or color. Plaintiff alleges that he was refused work, but he makes no factual assertions relating to refused work nor any allegations that it was related to his race or color. Plaintiff alleges intimidation, but the only facts that he alleges in support are: "11 flights of stairs, broken elevator, no down shoot, and dumpster is located in alley back of building." (Doc. 1 at 4). None of these factual assertions relate to intimidation.

More importantly, none of these alleged facts relate to a racial discrimination claim under Title VII. "A complaint raising a claim of discrimination does not need to conclusively establish a prima facie case of discrimination, but it must contain more than [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Bekkem v. Wilkie*, 915 F.3d 1258, 1274 (10th Cir. 2019) (quotation marks and citation omitted). And to allege a prima facie case of discrimination, Plaintiff must establish that (1) he is a member of a protected class, (2) he suffered an adverse employment action, and (3) the challenged action took

place under circumstances giving rise to an inference of racial discrimination. *Wilson v. Textron Aviation, Inc.*, 820 F. App'x 688, 692 (10th Cir. 2020) (citation omitted). Here, Plaintiff fails to allege any of these elements for a racial discrimination claim. Therefore, Plaintiff's discrimination claim under Title VII must be dismissed.

Construing the Complaint broadly to allege a hostile work environment theory of racial discrimination, Plaintiff fails to allege any particular facts to support such a claim. "The plaintiff in a race discrimination claim must establish that 'under the totality of the circumstances (1) the harassment was pervasive or severe enough to alter the terms, conditions, or privilege of employment, and (2) the harassment was racial or stemmed from racial animus.'" *Witt v. Roadway Exp.* 136 F.3d 1424, 1432 (10th Cir. 1998) (citations omitted). Again, Plaintiff makes no factual allegations relating to race or racial animus anywhere in the Complaint. Instead, Plaintiff simply alleges some physically taxing work conditions on a demolition site. Therefore, to the extent Plaintiff's Complaint could be construed to assert a hostile work environment claim, Plaintiff's claim fails and must be dismissed.

**C. Plaintiff's Motion for Order is denied.**

Plaintiff filed a "Motion to Grant Judgment in Favor of Plaintiff." In this three-sentence document, he states that the Court should grant judgment in his favor for $100,000 because Defendants "presented no good reason as to why the Judge shouldn't." (Doc. 22.) Plaintiff's motion is wholly deficient of any reasoning to

support such a request. Even liberally construing the document as one for summary judgment, he fails to procedurally follow the District of Kansas's local rules or the Federal Rules of Civil Procedure. *See* D. Kan. Rule 56.1(a); Fed. R. Civ. P. 56(c). Substantively, his motion is deficient as well as he includes no uncontroverted facts or any evidence in the record to support his motion. Thus, the Court denies Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 8) is **DENIED** AS MOOT.

**IT IS FURTHER ORDERED** Plaintiff's Motion to Grant Judgment in Favor of Plaintiff (Doc. 22) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 18th day of August, 2026.

s/Anthony J. Powell
ANTHONY J. POWELL
UNITED STATES DISTRICT JUDGE